Hon. Victor Marrero Commissioner Division of Housing and Community Renewal
This is in response to your request for my opinion regarding the computation of "shelter rent" for limited-profit housing companies, which receive a subsidy from the Federal government on behalf of their tenants.
The term "shelter rent" is contained in Private Housing Finance Law, § 33 and is used to compute the amount of taxes which must be paid to the local taxing jurisdiction by the housing projects in lieu of real estate taxes. A tax exemption is provided for such projects provided that the amount of taxes paid is not less than ten percent of the annual shelter rent or carrying charges (Private Housing Finance Law, §33(1)(a)).
"Shelter rent" is defined in Private Housing Finance Law, § 33(1)(a) as follows:
 "Shelter rent shall mean the total rents received from the occupants of a project less the cost of providing to the occupants electricity, gas, heat and other utilities."
You question whether or not the subsidy from the Federal government received by a project on behalf of its tenants comes within the definition of "shelter rent".
It appears that the term "shelter rent" was not intended to include the subsidy from the Federal government. The use of the words "total rents received from the occupants" evidences an intent on the part of the Legislature to include only that rent actually paid by the occupants themselves. It is assumed that the Legislature had a purpose in using the phrase "from the occupants" and such words must be given their ordinary meaning. Money received from the Federal government on behalf of the tenants is not rents received "from the occupants".
The legislative history of Private Housing Finance Law, § 33(1) (a) supports an interpretation of "shelter rent" which excludes the Federal subsidy. The term "shelter rent" and the computation of taxes based on it was introduced by Chapter 653 of the Laws of 1967 which amended Private Housing Finance Law, § 33 (1)(a), to grant a real property tax exemption to a project provided that the amount of taxes paid was not less than 10 percent of the shelter rent. Prior to the amendment, the maximum tax exemption could not exceed more than 50 percent of the value of the property in the completed project. The Governor's memorandum, accompanying the approval of the amendment, establishes that the purpose of the amendment was to "* * * help reduce rentals and carrying charges on limited-profit housing and make it available to families or more moderate income". (1967 McKinney's Session Law, p. 1537.) Thus, it is consistent with the purpose of the amendment to interpret "shelter rent" to exclude the Federal subsidy and thereby limit the taxes paid by the project.
Moreover, the entire purpose behind the establishment of limited-profit housing companies was to insure an adequate supply of safe and sanitary housing for families of low income and to encourage private free enterprise to invest in such companies which are regulated as to rents and profits and to extend public assistance to such companies by the granting of tax exemptions (Private Housing Finance Law, § 11). These purposes are best served by interpreting the term "shelter rent" to include only that rent paid by the tenants themselves.
Therefore, I conclude that the term "shelter rent" as defined in Private Housing Finance Law, § 33(1) (a) does not include the Federal subsidy received by the project on behalf of the tenants.